Mr. Tamayo, you have reserved three minutes for rebuttal, so that gives you seven minutes to begin and you may stop. Thank you, Your Honor. Obviously, I'm Peter Tamayo. I represent Mr. Jackson, the appellant in this case. Your Honor, this is the case in which the lower court erred by failing to hold a hearing as required by Section 2255B. Can I interrupt you just for a second, just before we get to that? Of course. So there's no certificate of appealability here, right? That's correct, Your Honor. And so there was a request in the district court. It was denied. That's true, Your Honor. And ordinarily, then the request would be made to our court, but that never happened. That did not happen, Your Honor. So is it your position that that just doesn't matter? No, Your Honor. Just to file a brief and that is effectively the same as seeking a certificate of appealability? In this case, I would argue it satisfies the requirement, Your Honor. The rule, the local rule, has never been used by research and from what I saw in the government's brief to find that the court lacked jurisdiction to hear an appeal. Usually what happens when a certificate of appealability is not requested is the clerk will reject the notice of appeal and give the appellant an opportunity to correct. That didn't happen in this case, and the next step normally would have been for the government to move to dismiss based on the lack of a certificate of appealability, and that didn't happen. What happened was that another attorney was appointed to represent Mr. Jackson, myself. I didn't notice the error, and I went ahead and filed the brief. At that point in time, once we filed the brief, the government hadn't noticed on what our arguments were going to be, and it again did not at that point in time move to dismiss the appeal for failure to follow the local rule. So we would ask the court, as it has done in other cases, to look to the brief to find the arguments that we did raise, which should have been made. We put on the record at the time the notice of appeal was filed with a request for a certificate of appealability. Thank you. So you were starting to say how you believe that 2255 requires a hearing, but of course, it's not an absolute requirement, right? Well, it's required unless the record conclusively, the statute says, conclusively shows that there are no factual issues. In this case, there are a number of factual issues that were brought in my client's affidavit in his filing and refuted by his district court counsel. And the district court relies upon his counsel's affidavit. The judge doesn't go to his own recollection. He looks at that affidavit and he says, based on that affidavit, I find that Mr. Wicks, the attorney, is more credible than Mr. Jackson, the appellant here. And your Honor, quite frankly, that- But you've permitted that before, particularly where the district judge was the judge who presided over the trial and all other aspects of the case, right? Well, you've permitted the judge to rely on his own recollection. And in that case, and to use his recollection of what happened at the trial, and Judge Saragusso did not do that. He relied on Mr. Wicks' affidavit. It's very clear in his opinion- So you're saying that if there are two conflicting affidavits, the judge has seen both of the affiants- Yes. Through the court. But nonetheless, the judge then has to bring everybody in, bring the defendant from whatever facility he's in, have them both get on the stand and say what they said in their affidavits, and only then can decide the issue of credibility. I'm focusing on this case, Your Honor. And in this case, that is what should have happened, because, for two reasons. Number one, the judge clearly found Mr. Jackson credible twice in the course of the proceedings, when he questioned him directly about, one, about his decision not to take the stand, and also regarding his understanding of the plea offer that was made. And both times, the judge found him credible. In contrast, Mr. Wicks clearly is not credible, because Mr. Wicks claims he understood Boyle at the time he filed his motion to dismiss, and yet his motion to dismiss doesn't mention Boyle. And he had to be told about Boyle by the district court judge in denying his motion to dismiss. And then even after being told about Boyle, he continued to go forward with his strategy of suggesting that in order to find Rico, the jury had to find a formal, organized enterprise, and he makes reference to the movie The Godfather. So let me ask, because I think you're segueing into the deficient performance prong. I understand the argument that if the district court relied on the prejudice prong of Strickland, that arguably the court should have had a hearing to reconcile these disparate claims about whether he would or wouldn't have taken the plea. But the deficient performance prong, what is the, it seems to me it relies almost entirely, if not entirely, on what counsel said in the courtroom. Matter of public record, matter of record here, what's the dispute as to deficient performance that would have required an evidentiary hearing? Well, Your Honor, respectfully, I don't believe that Judge Saragusso did rely upon the record in the case. Because if he had relied on the record in the case, he would have noted the times in which Mr. Wicks referred to the need for that structured organization. Well, let me be more pointed with my question. Yes. What would a hearing, what are the evidentiary disputes that a hearing would have allowed the court to resolve? Well, the argument, Your Honor, that Mr. Wicks made, is that he understood what the requirements were for the circuit's decision in Boyle. And he came up with his strategy. He could have been cross-examined on that. And Mr. Jackson would have had the opportunity to bring out the instances in which Mr. Wicks did not understand that- But the question isn't what he understood, right? The question is what he did, right? In terms of deficient performance, if he was completely confused, but what he did wasn't deficient performance, it's not deficient performance. So- Well, what he- Let me just finish my question. Sure, of course, Judge. So you've identified a number of things, trial counsel's opening, trial counsel's Rule 29 motion, places where you, and when I say you, I mean your client, your client's view, counsel not only showed a lack of understanding of Boyle, but made arguments that fell below the standard of reasonable representation because they didn't reflect the requirements of Boyle. Putting aside whether or not that analysis is wrong or right, which I think is a question that we could talk about on appeal, why would you need an evidentiary hearing to evaluate that when we have the transcripts and we can look at that opening and say, yeah, that's reasonably within the sort of realm of argument that makes sense under Boyle or it's not? Well, because, Your Honor, there's a second part of the deficiency, and that is the advice he gave his client as to the strength of the government's case.  And that you don't have a record on. No, but what we don't have on that that surprised me is, and maybe I missed it, are there specific statements that your client makes that says he told me these were the elements, or he told, where's the statement as to what he told the client that creates an evidentiary dispute? It's in the affidavit, Your Honor, that my client's filed with, or the motion that he filed, and he, I don't know if I have the page handy, Your Honor, but it's in his affidavit, and when I come back with my reserved time, I'll point you to the page. I don't have it in my other notes. But he does indicate that he relied upon what Mr. Wicks told him about the strength of the government's case. That's a pretty generic statement, though, isn't it? I mean, in other words, Wicks submits an affidavit that says he said that he, I mean, basically it was a non-starter or a deal breaker that he was going to have to admit to a murder. And if that's the case, then it really doesn't much matter, right? He wasn't willing to take a plea. Well, Your Honor, that would have been one of the issues of fact as to whether or not that made it the non-starter. Clearly Mr. Wicks- But how is that an issue of fact? Because I didn't see your client dispute that. Okay, as I say, Your Honor, that's based upon Mr. Wicks' recollection of what he had. Clearly, Mr. Jackson was doing this whole pro se, and he may not have confronted that issue specifically. But he certainly raised the idea that he relied upon what Mr. Wicks told him about the strength of the government's case in his calculus. Now, he may have had other elements, and maybe if Mr. Wicks had explained to him the deficiency or the true strength of the government's case, that may have overwhelmed that concern he had about that homicide. We don't know, because that record was never developed. I see my time has expired. Well, you reserved three minutes for rebuttal, so we'll hear from you again. I'll speak to you again. Thank you, Mr. Chairman. We'll now hear from Ms. Richards on behalf of the government.  May it please the court, Monica Richards on behalf of the United States on this appeal. Beginning where the conversation showed with regard to jurisdiction, unless this court finds that it has jurisdiction over this case, there is none. So here, where we didn't have a certificate- You're talking about the certificate of appealability? Right. Thank you. So you didn't sort of make any noise about that until you filed your brief, right? Well, I didn't know about that until I filed my brief. Frankly, the notice of appeal was in the record, Your Honor, at 8-296, and it said that it was an appeal from the judgment and sentence. So I presume that we were going to be discussing the sentence, not going back to the habeas petition. There is another option there where the counsel could have. I heard my colleague say that he didn't notice it when he picked up the case, but I don't believe that's a reason to excuse the certificate of appealability. I do agree that there's very limited to none. I couldn't find any cases where this court has granted a certificate of appealability or found jurisdiction in the absence of a certificate of appealability, where the only issue raised in the notice of appeal is conviction and sentence. I've seen it happen where the notice of appeal says that it's an appeal from the habeas proceeding, that it's an appeal from a denial or partial denial of a habeas proceeding, and I've cited some case law on that, but I have not found the case where it's been denied. So this is not about the timing of the notice of appeal. It's about the words used on the form, basically. Well, it's words, but it's meaningful words. No, no, I understand that. I just want you to understand. So in other words, if this notice of appeal had said, from the final judgment entered in such and such day and any underlying judgments that preceded that, would that have done the trick? Well, what it would have done, the trick in terms of would I be sitting here arguing about it? Probably not, because the court, the clerk's office, would have picked up on that. At 8296, there is indeed, just to point out, there's a line for other, and that could have been filled in right there. It is what it's filled in, actually, normally when it's an appeal from a habeas petition denial. And the clerk's office would have said, hey, wait a second, where's the certificate of appealability? Here, the district court specifically denied one. And then it would have gone back, and I've seen the orders issued saying, you need to apply for a certificate of appealability, and then that process occurs. And that's statutory. That's not something that the government's, you know, making up or coming up with on its own here. That's just a statutory requirement that would have been fixed. Right. What I'm struggling with is the normal, pretend like you don't need a certificate of appealability. We all understand that the normal rule of law is that you have a final judgment, and if you file a notice of appeal of that final judgment, that brings in, for argument, all of the stuff that came before, right? You don't have to individually delineate each of the underlying judgments that came along the way or orders, for that matter. It gets tricky in a world where you need a certificate of appealability and where it is a fairly well-established practice that we treat a notice of appeal as a request for a certificate of appealability because I gather your argument is sort of subtle, which is that because the notice of appeal didn't start itemizing the orders along the way or judgments along the way to this final judgment, we're not going to apply that ordinary rule of treating the notice of appeal as a request for a certificate of appealability. Is that basically the subtlety that- I appreciate the court's question, but I think that the problem here is that that's something- that's exactly what the problem is, is that the notice of appeal did not- it's a statutory requirement, the certificate of appealability. This notice of appeal did not indicate to anybody, to the clerk who accepted it, to the next steps that were taken in terms of how this case proceeded in terms of issuing a scheduling order. Without that break wall in there of a certificate of appealability having been granted, considered, sought, any of those things having happened, that does put this court in the position now of not having jurisdiction, plain and simple. Unless this court finds jurisdiction, as my colleague has proposed, based on the filing of the brief. That's a problem. So a threshold to our reaching the merits would be we have to decide that there's a substantial question. Correct. And that is a little bit of a mini-merits analysis, but it's not the full-blown merits analysis. And if we find it's a substantial question, then we can go ahead and decide on the merits. Absolutely. Okay. Thank you. That's helpful.  That's how I tried to phrase it in my brief. And again, to my colleague's point, that wasn't, I put it in point one of my brief, this court has to find jurisdiction in the first place. And that's a question that's for this court to decide. But the denial of the habeas postdates, by a few weeks anyway, or a week, the judgment in this case, right? No. No? So, I mean, the judgment I'm looking at here is dated March, the amended judgment is March 16th. So 2023. Yes. So what's the date of the denial of the habeas? That should be a quick question, shouldn't it? But it is May 24th, 2022 at 8251, if I'm correct? So, I mean, usually what happens is you have a 2255 that postdates the final judgment in a criminal case, right? I see, yes. This is one where it predates an amended judgment.  And so is that significant for us to determine whether we have jurisdiction? Well, that's the problem. That's exactly what I highlighted in my brief, Your Honor. I'm not aware of a case where this has happened. I didn't find it. If it exists, obviously the court should take note of it. But here it was a partial denial of the habeas. There was a new sentencing, and that's how come the order of operations here is a little unusual. But there's a partial denial of the habeas, grant in part, made for a new sentence, and then we have the notice of appeal filed from that amended judgment. A habeas proceeding has different requirements. It's a whole separate chapter in the statute. There's a whole separate set of rules that apply in the habeas context to what bar must be met for jurisdiction in this court. And as Judge Robinson, excuse me, pointed out, that's exactly just the first question that this court has to decide. Right, which is different. For some reason I was interpreting your argument, at least in part, as being we don't even get to decide. We don't even get to treat it as a request for a certificate of appeal and ask that question because it doesn't identify the underlying judgment. I think maybe that's an alternative argument, but what I'm hearing you say is in any event, you've got to decide whether there's you can treat it as a request for a certificate of appeal, but then you've got to decide whether there's a substantial question. I'm standing here. I'm not saying it in my brief. I didn't say full stop, no jurisdiction. But I did say I haven't seen a case where it's been done. Got it. Okay. Then with regard to presuming that the court, I'll just go ahead and presume if the court does find, I mean, I would recommend that the court has to first find jurisdiction, and that's something that must happen. But then the second step moving on to the decision of whether or not a hearing should be granted, that is something that this court has done on many occasions where there's been a less than full-fledged, as they say, less than full-fledged hearing that's been conducted. We had the pro se submissions. We had an affirmation submitted from defense counsel, the original defense counsel in this case, and the court made a decision. So, again, there is a question here. Is that a hearing? Is that enough of a hearing? And that's something for this court to decide based as, Your Honor, I liked the way, Judge Robinson, that you phrased it. What was the error? The prejudice prong might be something we could discuss in terms of whether or not it should have had a hearing. But on the division's performance prong, what counsel said in the courtroom, everything is on the record, all the documents, all the proceedings. Where I would challenge my opponent with regard to the Boyle argument, I think that it was something that came up during the motion to dismiss, and then from thereafter everybody knew what we were talking about in terms of the decision in Boyle, and that was well before we were proceeding to trial here. It was before plea negotiations. I'll stop there. I don't know if it was before plea negotiations. So I think the argument that I'm hearing, though, is, Well, I may not have said the exact words, but implicit, or maybe we're going to hear in rebuttal explicit in my petition, is that counsel told me that I had a strong case because the government couldn't show these following elements that weren't, in fact, part of the government's required showing. So there's the deficiency in the courtroom in how the case was presented, but I gather there's also a claim that there was deficient advice that led to the plea. Putting aside the prejudice, right, would he have taken the plea, which I think is the prejudice problem, how do we evaluate that aspect of the deficient performance claim without testimony as to what was or wasn't said, or is there not enough in the petition to raise a coverable claim along those lines? Well, I'm not sure, Your Honor. I'm not sure if this is what my colleague is going to point out to you because I'm a little, but in the record at A209 in the pro se reply, at the very bottom of what he has, the last paragraph on A209 talks about the reason why he decided not to take the guilty plea. And where counsel had said it was a full stop, I'm sorry, excuse me, it was a non-starter with regard to admitting to guilt in the Carmela Rogers murder, the trial testimony had been that he was the person who brought the gun, the AR-15, to the party that was where the bystander was shot. And what he says is he, petitioner only, I circled the word only, failed to enter into the favorable plea due to the erroneous explanation of 1962 and its required elements. So I see that. But that is, again, where counsel posited that there wasn't just a singular reason for deciding not to, oh, excuse me, my time's up. That the only reason versus where counsel's affidavit advised that it was the Carmela Rogers murder that he wouldn't agree to, that he wouldn't admit to. So that kept going. And counsel says he tried again. And that's tried again despite that insistence to pursue a plea. But at that point, his client didn't show up. Excuse me, her client didn't show up. Or his client. But anyway, so thank you. His client didn't show up. So I feel like at that point, if we're looking at the only reason is the 1962, but counsel said in their affidavit two reasons. And the district court, in its opinion, noted that there was more than one reason. Noted that it was not just any allegation with regard to 1962, but also primarily actually is the way that the decision reads, the non-starter with regard to the admission as to the Carmela Rogers death. So at this point, I don't think that there is any basis for finding on this record that there was an error in the hearing, denying the hearing, or in terms of what this court is looking at in the 2255 decision context, whether or not there were any clear errors of fact, or under de novo review that it wouldn't pass this court's judgment. Any other questions? All right. Thank you very much, Ms. Richards. Mr. Tomeo, you've got three minutes for rebuttal. Let me start where counsel left off, Your Honor. I do appreciate her pointing out 2009. Actually, that argument is in that whole section. It begins at 2002 to 2003, and then continues on 2008 to 2009. But I want you to take a look also at- Did you say 2000? I'm not sure I'm following you. Did I say 2000? I meant 200, excuse me. Okay. 208 to 209. There's no 2000. We don't have that long a record in this case. But I also want to direct the court's attention to Mr. Wick's affidavit, which is in the record at pages 197 and 198, because there he talks about- This is where he talks about the non-starter. And he says, well, this was a non-starter because he was- Mr. Jackson did not want to admit to participating in that murder. But then he goes on in the very next paragraph and shows it wasn't a non-starter. He says, I went on and I continued to negotiate, and I went ahead and I set up a meeting with my client, and he was going to come to that meeting. So it's clearly not a non-starter. When you read Mr. Wick's affidavit talking about those facts and the chronology, and then Mr. Jackson's pro se rebuttal, it's clear that he would have considered this appeal and that- I'm sorry, the plea offer, but he didn't because of the- What does it say that he would have considered pleading guilty to the murder? He's saying it right there on 209. Petitioner only failed to enter into the favorable plea agreement due to counsel's erroneous explanations of section 1962D. Right, but he doesn't say, I was prepared to plead guilty to the murder. He doesn't say that, right? I don't see the difference, Your Honor. He says he only failed to do it because- But the conclusion is restatement. That's just saying, but for my lawyer telling me I could win, I wouldn't have gone to trial. But if the sworn affidavit of counsel is that the government was insisting that he admit to a murder, and that was a non-starter, one would expect his reply to say that wasn't a non-starter. I was prepared to accept that guilty plea. And if this had been a counsel brief or a counsel filing, he clearly would have said that. This is a pro se. I don't see that in appeal either. Are you saying right now that he would have taken the plea to the murder? He says he only failed to enter into the plea. No, no, no, I'm asking about your brief now. That's not my brief. That's his pro se. No, I'm asking, is there anything in your brief indicating that he would take the, are you of the view that he would have taken this plea? Your Honor, not in the record, but I've spoken to my client and he's told me he would have. So, I mean, that's- But the issue is whether the district court erred in not having a hearing on something that your client doesn't join. He doesn't join the argument. He doesn't reply and say, that's not true. I would have pled or I told my lawyer I would have taken that plea. I don't know how it could be clearer than what he says right on page 209, your Honor. He says he only failed to enter into the plea due to the counsel's erroneous explanation. I suppose 208, first full paragraph, are you also leaning on that where he says- Yes, I had, I mentioned that. Counsel's misinformed advisements caused Jackson to reject the offer. Yes. Rejection occurred on account of counsel's incorrect advice that there needed to be an element of the establishment of organized enterprises. Is that so clearly wrong? I mean, I understand terminology. Maybe this is too subtle for why you need a hearing. But you need something. And the court found that it wasn't unreasonable as a defense to try to challenge whether there was sufficient indicia of an enterprise to convict here. To the extent that the court found that that wasn't an unreasonable approach, why is the advice that he's describing here deficient? Well, because, your Honor, the court's finding in that regard ignored Mr. Wicks' opening statement to the jury when he didn't talk about the indicia of an organization, as we understand the requirement is for RICO. He said it had to be an organization like the Godfather, like the one in the Godfather, which is, you know, we're talking about, you know, old time organized crime with ranks of people and made men and concierges and all of those elements. I'm not talking about street gangs that are getting together and, you know, creating havoc, which we understand since Boyle and in the jurisprudence of this court would satisfy RICO. But that's not what Mr. Wicks was talking about. Mr. Wicks is, the record shows in his opening statement to the jury, after he was supposedly educated about Boyle and its requirements, he still goes ahead and says this has got to be an organization similar to the one, and he specifically uses the example of the fiction, semi-fictional organization in the Godfather. And so, Your Honor, we rely on our brief in that regard, and I appreciate the court's comments. Thank you. Thank you both. We will reserve decision.